### THE SMITH & TERRY NO. 3, and three other cases.

(District Court, E. D. New York.   December 16, 1926.)

No. 7504.

**1. Shipping ☞30½—Shipping Board's letter, requesting transfer papers for approval, held not surrender of document subjecting its preferred mortgage to subsequent claim (Ship Mortgage Act 1920, § 30, subsec. B (4), and subsection O (a), being Comp. St. §§ 8146¼k, 8146¼oo).**

Letter of United States Shipping Board, requesting mortgagor to submit papers for transfer of vessel for approval, held not surrender with mortgagee's consent under Ship Mortgage Act 1920, § 30, subsec. B (4), and subsection O(a), being Comp. St. §§ 8146¼k, 8146¼oo, so as to subject mortgage to claim for repairs and necessaries furnished thereafter because of failure to document vessel at port of transferee.

**2. Shipping ☞27—Shipping Board's receipt of renewal notes, indorsed by transferee of purchaser, held not to constitute consent to transfer of document.**

Receipt of renewal notes for vessel by Shipping Board, which were indorsed by transferee of original purchaser, held not to constitute consent to transfer of document, so as to subject preferred mortgage to subsequent lien for towage.

In Admiralty.   Libel by the P. Dougherty Company against the barge Smith & Terry No. 3; actions by Bernard Oetken and the Tebo Yacht Basin Company against the proceeds of the barge Smith & Terry No. 3, wherein the United States intervenes; and

petition by the United States against the proceeds of the Smith & Terry No. 3—all of which actions were tried together. Decree for the United States.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (William R. Fitch, of Washington, D. C., and Frederick A. Whitney, Sp. Asst. U. S. Attys., of New York City, of counsel), for the United States.

Haight, Smith, Griffin & Deming, of New York City (Stanley W. Schaefer, of New York City, of counsel), for Tebo Yacht Basin Co. and P. Dougherty Co.

Bigham, Englar & Jones, of New York City (William H. Woolley, of New York City, of counsel), for P. Dougherty Co.

Alfred H. Strickland, of New York City, for petitioner Oetken.

MOSCOWITZ, District Judge. These actions were tried together.

The United States Shipping Board sold a barge called herein Smith & Terry No. 3 to Smith & Terry, Inc., a New York Corporation, for the sum of $60,000; $24,562.50 being paid, leaving a balance of $35,437.50. To secure payment of the balance, the government received 7 notes of $5,062.50 each. The payment of these notes was secured by a first mortgage on the vessel.

A bill of sale from the United States Shipping Board to Smith & Terry, Inc., was filed on May 13, 1921, at the New York Custom House, and the United States Shipping Board also filed for record a preferred mortgage from Smith & Terry, Inc., to the United States Shipping Board. The mortgage was indorsed upon the document for the vessel at the New York Custom House, and the required entry was made in the Custom House records that such indorsement was made on July 27, 1921.

According to interoffice memoranda, dated April 3, 1922, the outstanding 5 notes of $5,062.50 each were redistributed to 18 notes in the amount of $1,406.25 each. The first of these 18 notes was payable on June 28, 1922, and every three months thereafter until September 28, 1926, when the last note was due. On May 24, 1922, Smith & Terry, Inc., sought permission of the United States Shipping Board to transfer title to the vessel to the Smith & Terry Navigation Company, Inc., a Delaware corporation. On July 17, 1922, Smith & Terry Navigation Company, Inc., filed for record a bill of sale for the barge to Smith & Terry, Inc. On August 4, 1922, H. S. Kimball, vice president of the United States Shipping Board Emergency Fleet Corporation, wrote a letter to Smith & Terry, Inc., as follows:

"August 4, 1922.

"Smith & Terry, Inc., 11 Broadway, New York—Gentlemen: In accord with your favor of May 24th, authority is hereby given you to transfer the title of barge No. 3 to the Smith & Terry Navigation Company, Inc., provided the present registered title owner remains liable with the new company under the mortgage and notes the Board holds as security for the unpaid purchase price of the vessel. You will submit transfer papers for approval.

"Very truly yours,

"H. S. Kimball, Vice President."

On August 15, 1922, a new document was issued by the New York Custom House for this vessel to Smith & Terry Navigation Company.

The Tebo Yacht Basin Company claims that between August 18 and August 31, 1922, it made repairs, furnishing labor and other necessaries, for the agreed price of $1,940.29. This has not been paid. The P. Dougherty Company claims that between August 10 and September 1, 1923, it towed the barge Smith & Terry No. 3 from Norfolk, Va., to Boston, Mass., and that there is a balance due for such services. Bernard Oetken claims that he was a seaman, and that between June 1, 1924, and February 17, 1925, he was employed as a seaman aboard the barge, and that the Smith & Terry Company, Inc., owes him for services. On January 16, 1925, a libel was filed, and the ship was sold on February 17, 1925.

There are two questions that present themselves.

(1) Whether or not the mortgage of the United States is preferred.

(2) Whether or not the work of Oetken entitled him to a lien as a seaman.

[1] The contention of the libelants is that, by failing to document the vessel at Wilmington, Del., after the sale by Terry & Smith Company, Inc., to Smith & Terry Navigation Company, a Delaware corporation, the vessel ceased to be a vessel of the United States, that the mortgage is not preferred, and that the claim of the United States Shipping Board is subject to that of the libelants.

When the mortgage was given, the vessel was properly documented in New York, the home port of the owner, and the vessel continued to be a vessel of the United States as far as the mortgage was concerned.

The contention of the libelants that the

letter of August 4, 1922, was a consent to the surrender of the documents is unsound, for the letter specifically states that transfer papers were to be submitted for approval. This was never done. When the Tebo Yacht Basin Company repaired the vessel, it was a vessel of the United States, for its documents had not been surrendered with the approval of the Board (section 30, subsec. B [4], of the Ship Mortgage Act, 1920 [Comp. St. § 8146¼k]), nor had the mortgagee consented to the surrender of the certificate (section 30, subsec. O[a], of the Ship Mortgage Act 1920 [Comp. St. § 8146¼oo]).

[2] The receipt of the 18 notes by the United States Shipping Board Emergency Fleet Corporation, which were indorsed by Smith & Terry Navigation Corporation, did not constitute a consent to the transfer of the document. The mortgage, being properly documented, remained preferred over the lien of P. Dougherty Company. It would appear, from the meager proof contained in the stipulation submitted to the court, that the libelant Oetken was not a seaman and therefore not entitled to a lien.

A decree may be entered declaring that the mortgage held by the United States Shipping Board is prior to that of the libelants. Settle decree on notice.